# EXHIBIT 16

Exhibit A

**U.S. DEPARTMENT OF LABOR**  Occupational Safety and Health Administration
Kansas City Regional Office
2300 Main Street, Suite 1010
Kansas City, Missouri 64108-2447



June 19, 2019

Don McMahon
C/o Sean McGivern
Graybill & Hazlewood, LLC
218 N. Mosley St.
Wichita, KS 67202

Re: PetroChoice/McMahon/7-5880-19-069

Dear Mr. McGivern:

This is to advise you that we have completed our investigation of the above-referenced complaint filed by your client ("Complainant") against PetroChoice ("Respondent") on March 15, 2019, under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C.A. § 1514A. In brief, Complainant alleged Respondent terminated his employment on September 17, 2018, "in retaliation for complaining about [Respondent's] practice of representing to customers that its re-refined oil products are actually virgin oil products."

Following an investigation by a duly-authorized investigator, the Secretary of Labor, acting through his agent, the Regional Administrator for the Occupational Safety and Health Administration ("OSHA"), Region VII, issues the following findings.

### Secretary's Findings

Complainant alleged he experienced an adverse action when Respondent terminated his employment on September 17, 2018. On March 15, 2019, Complainant filed a complaint with the Secretary of Labor alleging Respondent retaliated against him in violation of SOX. As this complaint was filed within 180 days of the alleged adverse action, it is deemed timely.

Complainant has requested OSHA terminate its investigation and issue a determination. Based on the information gathered thus far in its investigation, OSHA is unable to conclude there is reasonable cause to believe a violation of the statute occurred. OSHA hereby dismisses the complaint.

Respondent and Complainant have 30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge ("ALJ"). If no objections are filed, these Findings will become final and not subject to court review. Objections must be filed in writing with:

EXHIBIT 16

U.S. Department of Labor
Office of Administrative Law Judges
800 K Street, NW
Washington, D.C. 20001

With copies to:

Kimberly Stille
Regional Administrator
U.S. Department of Labor, OSHA
2300 Main Street, Suite 1010
Kansas City, MO 64108

Alan L. Rupe
Lewis Brisbois Bisgaard & Smith LLP
1605 North Waterfront Parkway, Suite 150
Wichita, KS 67206

In addition, please be advised that the U.S. Department of Labor does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an ALJ in which the parties are allowed an opportunity to present their evidence for the record. The ALJ who conducts the hearing will issue a decision based on the evidence and arguments presented by the parties. Review of the ALJ's decision may be sought from the Administrative Review Board, to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under SOX. A copy of this letter has been sent to the Office of Administrative Law Judges along with a copy of the complaint. The rules and procedures for the handling of SOX cases can be found in Title 29 of the Code of Federal Regulations, Part 1980 (SOX) and may be obtained at www.whistleblowers.gov.

Sincerely,

*Mike Oesch*

FOR: KEVIN CRAIN
Assistant Regional Administrator

cc: Respondent
Office of Administrative Law Judges
Partner Agencies