UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAN MCMAHON,

    Plaintiff,

v.                                Case No. 21-1002-DDC

PETROCHOICE DYNAMO, LLC, et al.,

    Defendants.

## ORDER

Plaintiff has alleged in this whistleblower action that PetroChoice Dynamo, LLC, and PetroChoice Holdings, Inc. ("defendants") terminated his employment in retaliation for complaining about an allegedly unlawful business practice. He has filed a motion (ECF No. 29) for leave to amend his first amended complaint to add a claim for punitive damages. Defendants oppose the motion. For the reasons discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, grants the motion to amend.

Background

Defendants filed their motion to dismiss for failure to state a claim on March 8, 2021.[1] They argue this action is precluded by the doctrine of adequate alternative remedies and that the action violates the claim-splitting doctrine because of plaintiff's already-pending whistleblower action brought under the Sarbanes-Oxley Act.[2] The undersigned

---

[1] ECF No. 22.

[2] *See* ECF No. 23.

granted defendants' motion to stay on April 26, 2021,[3] staying the case until the presiding U.S. District Judge, Daniel D. Crabtree, rules on the pending motion to dismiss. The undersigned directed briefing on the instant motion to proceed.

Fed. R. Civ. P. 15(a)(2) provides that, after a certain point, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the court ought to "freely give leave when justice so requires." Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded."[4] "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[5]

Plaintiff argues he's entitled to punitive damages because this is an action alleging an employer terminated an employee in violation of Kansas public policy.[6] He cites case law allowing similar claims to go forward, provided the amended complaint notifies defendants of the basis for punitive damages.[7] Defendants argue permitting the amended

---

[3] ECF No. 35.

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[6] ECF No. 29 at 2 (citing *Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1277 (10th Cir. 2008)).

[7] ECF No. 29 at 3.

pleading would be futile. Notably, they don't contest the ultimate appropriateness of pleading punitive damages at some point. They object to the timing. Specifically, they argue it's futile to grant plaintiff leave to amend *if* the case is finally resolved by Judge Crabtree's ruling on the motion to dismiss.[8] Defendants note plaintiff previously filed an amended complaint but failed to seek to add a claim for punitive damages then.[9] They argue they'd be prejudiced if the court allows plaintiff to add a punitive-damages claim because defendants would then be compelled to file a motion to dismiss that claim.

"A proposed amendment is futile if the amended complaint would be subject to dismissal."[10] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented

---

[8] ECF No. 36 at 3.

[9] *See* ECF No. 10.

[10] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[11] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"enough facts to state a claim to relief that is plausible on its face."[13] "The party opposing the proposed amendment bears the burden of establishing its futility."[14]

The arguments in the motion to amend are closely entwined with the issues raised in the motion to dismiss, which is fully briefed and pending before Judge Crabtree. Specifically, plaintiff ties his argument regarding the availability of punitive damages under Kansas law to his dispositive argument as to whether the Sarbanes-Oxley whistleblower protection statute nullifies the Kansas claim.[15] Further, defendants haven't shown and don't appear to argue the proposed amendment is necessarily futile if the case survives the motion to dismiss. The court prefers to address dispositive arguments together to conserve judicial resources and streamline the procedural issues. Indeed, the undersigned previously deferred filing a detailed scheduling order to allow for the motion to dismiss to be briefed and decided.[16]

Because plaintiff's amendment doesn't appear clearly frivolous, the undersigned exercises his discretion and grants plaintiff leave to file the second amended complaint. To be clear, the undersigned is <u>not</u> ruling that the punitive-damages claim will survive the motion to dismiss challenge. Rather, the undersigned is allowing the amendment and defers consideration of the dispositive arguments within the motion to Judge Crabtree. The

---

[13] *Little*, 548 F. App'x at 515 (quoting *Twombly*, 550 U.S. at 570).

[14] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[15] ECF No. 29 at 2.

[16] ECF No. 26.

undersigned concludes justice is best served at this early stage of litigation by allowing the amendment so that it can be considered by Judge Crabtree in conjunction with the rulings on defendants' motion to dismiss.

IT IS SO ORDERED that plaintiff's motion for leave to amend (ECF No. 29) is granted. Plaintiff shall file his second amended complaint as a separate docket entry forthwith by April 30, 2021.

Dated April 28, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
